UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH MURPHY, ET AL.,

    Plaintiffs,

                                                                  Civil No. 08-15170
                                                                  Hon. John Feikens

    v.

THE PROCTOR & GAMBLE COMPANY,

    Defendant.
_____

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiffs' Objections (Dkt. 25) to Magistrate Judge Whalen's Report and Recommendation (Dkt. 24) concerning Defendant's Motion to Dismiss Counts II and III of the First Amended Class Action Complaint (Dkt. 18). Magistrate Judge Whalen's Report recommends that Defendant's Motion be granted, and that Count II (common-law fraud) and Count III (silent fraud) of the Plaintiffs' Complaint be dismissed.

Plaintiffs filed timely Objections to the Report, Defendant filed a Response to Plaintiffs' Objections, and Plaintiffs filed a Reply (Dkt. 25-27). Where, as here, a party has objected to portions of a Report and Recommendation, the Court reviews those portions *de novo*. 28 U.S.C. §636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). *De novo* review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of the Magistrate Judge's Report. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C).

1

Generally, this case is a proposed class action involving certain razor blade cartridges manufactured and marketed by Defendant, Proctor & Gamble. The named Plaintiffs are residents of six different states, including Michigan, Ohio, Pennsylvania, Florida, Illinois, and California. Defendant manufactures and markets two different razor-blade handles: the Fusion and the Fusion Power. To differentiate it from the Fusion handle, the Fusion Power handle houses a battery, causing the blade to vibrate and theoretically improving the performance of the attached blade. Defendant also produces and markets two different blades to be used with the Fusion handle systems. One is designated as a Fusion cartridge, the other a Fusion Power cartridge. Plaintiffs claim the Power cartridges cost about $1.00 more for a package of four blades. The Plaintiffs argue that the packaging of the Fusion Power cartridges leads consumers to believe that they are related to, and must be used with, the Fusion Power handles, but that in fact there is no difference between the blades.[1]

Count I of Plaintiffs' First Amended Complaint alleges violations of state consumer protection statutes; Count IV seeks injunctive relief. Those counts are not at issue in this Motion. Counts II and III allege state-law claims of common-law fraud and silent fraud, respectively. Defendant seeks dismissal of those counts under Fed. R. Civ. P. 12(b)(6).

In his Report, Magistrate Judge Whalen thoroughly and correctly analyzed Michigan law, which provides: (1) the economic-loss doctrine bars tort claims for "purely economic losses arising out of the quality of . . . products" because those claims arise out of contract and are governed by the UCC (Report at 4, citing *Neibarger v. Universal Cooperatives, Inc.*, 439 Mich. 512, 486 N.W.2d

---

[1] Plaintiffs acknowledge that the back of the packaging reveals that both cartridges can be used with either handle.

612, 615 (1992)); (2) the economic-loss doctrine applies to consumer transactions, and does not require direct privity between the plaintiff (consumer) and the defendant (manufacturer) (Report at 5-7, citing *Davis v. Forest River,* Inc., ___ Mich. ___, 774 N.W.2d 327 (2009); *Sherman v. Sea Ray Boats, Inc.*, 251 Mich. App. 41, 649 N.W.2d 783, 788 (2002); *Farm Bureau Ins. v. Deere Co.*, Case No. 1:08-CV-922, 2009 WL 104139, *2 (W.D. Mich. Jan. 14, 2009)); and (3) Michigan recognizes a fraud-in-the-inducement exception to the economic-loss doctrine, but only if the alleged misrepresentation does not concern "the quality or character of the goods sold" (Report at 7-8, citing *Huron Tool and Engineering Co. v. Precision Consulting Svcs., Inc.*, 209 Mich. App. 365, 532 N.W.2d 541 (1995)). Magistrate Judge Whalen then correctly concluded that, "[i]n this case, the Plaintiffs' fraud claims are . . . inextricably related to the nature of the product [and] [t]he only damages are economic." Therefore, Magistrate Judge Whalen recommended dismissal of Counts II and III of Plaintiffs' Complaint.

Plaintiffs' first objection argues that Magistrate Judge Whalen "did not address . . . [Plaintiffs'] argument . . . that fraud is still applicable under the UCC, but the damages are limited to only economic loss." Plaintiffs primarily rely on UCC § 1.103(b), which states in relevant part that "[u]nless displaced by the particular provisions of [the UCC], the principles of law and equity, including . . . fraud, [and] misrepresentation . . . supplement its provisions." Plaintiffs cite no case law for the proposition that this provision of the UCC "saves" their fraud claims. Moreover, as Defendant correctly notes, the Michigan Court of Appeals specifically addressed – and rejected – Plaintiffs' argument in *Huron Tool*, 532 N.W.2d at 545-46 (reasoning that the economic-loss doctrine applies because "[t]he body of common law sought to be preserved by [UCC § 1.103(b)]

3

is the same body of law in which the economic loss doctrine arose."). Therefore, under Michigan law, Plaintiffs' first objection is without merit, and is therefore OVERRULED.

Plaintiffs' second objection argues that the "fraudulent-inducement" exception under *Huron Tool* applies to save their claims, or, alternatively, the economic-loss doctrine limits their remedies to those available under contract law but does not require dismissal of their claims. *See* Objection at 8-9 ("*Huron Tool* made the decision it did because the Court of Appeals therein could see that essentially the fraudulent inducement claim was masking what was an Economic Loss claim under a warranty theory."); *id.* at 6 ("the Economic Loss Doctrine on fraud simply limits the claim for damages to economic contract damages"); *id.* at 8 ("It is to be noted that [*Huron Tool*] was not a no cause, but rather was a restriction to the remedies available under contract law. Accordingly the Magistrate went beyond *Huron Tool*."); *id.* at 13 ("The Economic Loss Doctrine does not eliminate a claim for the matters set forth in the counts regarding silent fraud and intentional fraud. Rather it shifts the remedy into a breach of contract remedy . . . ."). Importantly, in *Huron Tool*, the plaintiff brought claims for breach of contract and warranty in addition to its fraud and misrepresentation claims. After having determined that the economic-loss doctrine <u>barred</u> the plaintiff's fraud and misrepresentation claims, the Court of Appeals reviewed the lower court's determination that the contract claim was barred by the statute of limitations period. The Court of Appeals determined that there was a material factual dispute about the date on which the plaintiff's contract claim accrued, and reversed the dismissal of that claim accordingly. In this case, Plaintiffs have not filed breach of contract or warranty claims.[2] Moreover, although Plaintiffs appear to

---

[2] Nor have Plaintiffs cited any law supporting their suggestion that their tort claims remain viable, with remedies limited to the "benefit of the bargain" damages available under contract law.

acknowledge that a breach of contract claim "masked" as a fraudulent-inducement claim is barred by the economic-loss doctrine (*id.* at 9), they have failed to distinguish their claim from such masked-contract claims. Accordingly, Plaintiffs' second objection is OVERRULED.

Plaintiffs' third objection is that, even if *Huron Tool* cannot be distinguished, the Michigan Supreme Court *sub silentio* reversed the *Huron Tool* holding in the case of *Cooper v. Auto Club Ins. Corp.*, 481 Mich. 399, 751 N.W.2d 443 (2008). It is well established that a party may not raise an argument, advance a theory, or marshal evidence before a District Judge that was not fairly presented to the Magistrate Judge. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Although the *Cooper* case was decided before the briefing on Defendant's Motion to Dismiss, Plaintiffs failed to raise this argument in their opposition to that Motion. I find that Plaintiffs' failure to raise this argument before the Magistrate Judge constitutes a waiver, and the Court will not now consider it. Accordingly, Plaintiffs' third objection is OVERRULED.

Plaintiffs' fourth objection is that even if Michigan Law applies to bar the Michigan-Plaintiffs' claims, "[o]ther state laws that are subject to this litigation include Florida, California, Illinois, Ohio and Pennsylvania[, and] *Huron Tool*'s analysis in other states has not been universally accepted and, in fact, to the contrary represents a minority opinion." Again, Plaintiffs failed to raise this argument in their Response to Defendant's Motion, and have therefore waived it.[3] Plaintiffs' fourth objection is therefore OVERRULED.

---

[3]Although Plaintiffs' Response to Defendant's Motion did address each State's standard of proof for fraud and silent fraud claims (generally, whether reliance must be specifically pled or proven in each State), Plaintiffs failed to raise the nuances of the economic-loss doctrine in each relevant State until filing their objections to the Report.

5

## IV.  CONCLUSION

For the reasons set forth above, and having thoroughly reviewed the Report, Plaintiffs' Objections, Defendant's Response, Plaintiffs' Reply, and the relevant law, I agree with Magistrate Judge Whalen's conclusion that the economic-loss doctrine bars Plaintiffs' claims for fraud (Count II) and silent fraud (Count III).  Accordingly, I OVERRULE Plaintiffs' Objections, ADOPT Magistrate Judge Whalen's Report and Recommendation, GRANT Defendant's Motion to Dismiss, and DISMISS Counts II and III of Plaintiffs' First Amended Class Action Complaint.

**IT IS SO ORDERED.**

Date: March 9, 2010                             s/John Feikens
                                                John Feikens
                                                United States District Judge

> Proof of Service
>
> I hereby certify that the foregoing order was served on the attorneys/parties of record on March 9, 2010 by U.S. first class mail or electronic means.
>
> s/Carol Cohron
> Case Manager